GIERKE, Judge
(concurring in the result):
I agree with the majority that a tailored instruction on pretrial confinement was mandatory in this case, but I believe that the mandate flows from this Court’s decision in United States v. Davidson, 14 M.J. 81 (C.M.A.1982), not Rules for Courts-Martial R.C.M. 1005(e)(5) [hereinafter R.C.M.]. The issue, as I see it, is whether R.C.M. 1005(e)(5), standing alone, requires a tailored instruction specifically delineating all the evidence in “extenuation, mitigation, and aggravation ... and matters introduced under R.C.M. 1001(b)(1), (2), (3), and (5).”
On its face, the rule does not require a tailored instruction delineating all evidence in each of the above categories. I believe that the plain language of R.C.M. 1005(e)(5) regarding matters introduced under R.C.M. 1001(b)(1) and (2) would be satisfied if the military judge simply instructed the members to consider all of the information on the front page of the charge sheet and the personal data in the accused’s service record.
If R.C.M. 1005(e)(5) required an instruction specifically delineating all the information submitted under R.C.M. 1001(b)(1) it would require a specific instruction regarding each of the matters listed on the first page of the charge sheet, including grade or rank, pay grade, initial date of current service, and pay. Read in connection with R.C.M. 1001(b)(2), it also would require a specific instruction on virtually every entry in the accused’s service record.
Davidson recognized that pretrial confinement is a significant sentencing factor that warrants special consideration. Davidson was not overruled by R.C.M. 1005(e)(5). To the contrary, they are consistent and complementary. I believe that R.C.M. 1005(e)(5), when read and applied in light of Davidson, requires a tailored instruction with respect to pretrial confinement; but it does not necessarily require specific mention of every other matter encompassed by R.C.M. 1001(b)(1), (2), (3), and (5). Accordingly, I agree with the lead opinion’s holding that a specific instruction on pretrial confinement was required.